UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FORREST C. TAYLOR,

Plaintiff,

v.

B. RAMIRES, et al.,

Defendants.

Case No. 25-cv-09358-JD

**ORDER RE SERVICE**

Re: Dkt. Nos. 11, 13

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants interfered with his legal mail in retaliation for his protected conduct and failed to provide adequate care during a hunger strike. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 351, 354-55. The prisoner must describe the underlying non-frivolous claim well enough to show that "the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (footnote omitted).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that retaliatory action did not advance legitimate penological goals, such as preserving

2

institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

A prison official is deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff alleges that defendant Ramires destroyed his legal mail, which caused a state tort lawsuit regarding the conditions of his confinement to be dismissed. Ramires destroyed the mail due to plaintiff's filing of grievances and lawsuits. Plaintiff states that defendant Flores refused to assist him in obtaining personal property that had been confiscated related to event above. Flores said he would help plaintiff if he stopped filings grievances and dismissed his lawsuit. Liberally construed, this states a claim of retaliation against Ramirez and Flores and denial of access to the courts against Ramires.

In response to these incidents, plaintiff started a hunger strike. He says that Flores did not properly document it pursuant to prison regulations, and did not report it to supervisors. Plaintiff alleges that he suffered injuries due to Flores' failure to properly document the hunger strike because he missed many meals, and medical staff was not notified. He provides no details regarding the injuries.

Plaintiff was previously advised that the failure to follow prison regulations in notifying other staff of the hunger strike fails to state a federal claim. To state an Eighth Amendment claim,

United States District Court
Northern District of California

plaintiff must present specific allegations describing the medical harm he suffered from not eating. This claim is dismissed, and plaintiff will be provided one final opportunity to amend. If he files a second amended complaint regarding the hunger strike, he must include the retaliation allegations.

Plaintiff also requests that counsel be appointed. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff says this case is complex, and that he will have difficulty prosecuting the action due to his confinement. These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. This action does not present complex legal issues, and plaintiff has ably litigated this case and the drafting of his complaints. It is too early for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

## CONCLUSION

1. The motions to appoint counsel (Dkt. Nos. 11, 13) are denied without prejudice. The hunger strike claim is dismissed with leave to amend. Plaintiff may file a second amended complaint within twenty-eight (28) days of the date this order is filed. Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to amend within the designated time will result in the dismissal of this claim.

2. The Court orders that Correctional Officers B. Ramires and K. Flores be electronically served at Salinas Valley State Prison.

Service on the listed defendants will be effected via the CDCR e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative amended complaint (Dkt. No. 12), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant

United States District Court
Northern District of California

4

listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.    To expedite the resolution of this case, the Court orders:

a.    No later than sixty days from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

b.    At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.    Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.      If defendants wish to file a reply brief, they will do so no later than fifteen days after the opposition is served upon them.

e.      The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.      All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rules of Civil Procedure are required before the parties may conduct discovery.

6.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

6

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial